Thank you, Your Honor, and may it please the Court, George Hicks for Debtor Appellant Voyager. In my time before you today, I would like to make three key points. First, the District Court's stay decision was premised on multiple legal errors that the government barely addresses, much less defends. The government's refusal to endorse the District Court's analysis is a clear sign that the stay was improper. Second, the government has not demonstrated a strong showing of likelihood of success, and the District Court did not even so find. The exculpation provision here allows the government to seek to enjoin any transaction at any time under any law. If tomorrow the government wants to file an action seeking to enjoin the Binance deal- What about appellate jurisdiction? Do we have jurisdiction over this appeal? Yes, Your Honor, you have jurisdiction under 28 U.S.C. 1292A1. Your cases consistently establish that if an order has the practical effect of an injunction, that that qualifies under 1292A1, and that includes post-Nikken cases. The government concedes that standard and that test exists. The only thing it says is that we haven't shown that. But the order enjoins plan confirmation, much like a preliminary injunction. That's exactly what the government sought with its objection. I mean, right, I mean, the court's going to resolve this at some point. I mean, you're concerned it's going to be too close, but it doesn't enjoin anything, does it? Well, Your Honor, it certainly orders the parties not to go forward with confirmation or consummation, which is exactly what the government sought in its objection. There's an appeal of the bankruptcy court's ruling, right? There is, Your Honor, there is. So that's going to get, I mean, that is what the district court is working on now, right? Well, there is an appeal before the district court, Your Honor, but the other aspects of the- That appeal will be briefed by next week? Your Honor, it will be, I believe the briefing is due to be complete by next week, but the district court got the date wrong. The district court invited the parties to submit a proposed modification of the schedule. You could have expedited it if you had wanted to, or you could have asked. Your Honor, the briefing schedule was already extraordinarily expedited, but didn't even get to the April 18th closing date. And in our view, the district court's stay order, which I think was premised on that erroneous date, along with a number of other errors. Is there anything in the record to suggest that Binance will walk if this doesn't close by April 18th? Your Honor, we have reached out to Binance, and they have not consented to an extension by April 18th. We did this as recently as two days ago, during our reply briefing on- You were very careful in your response, they didn't consent. But have they given any indication that they will walk, that the deal will fall through if it's delayed by a few days? Your Honor, I believe at every turn, they have not shown any willingness to extend the transaction date. So there's not much more we can do other than continue to ask them, and they continue to withhold that consent. And all of this was raised after the evidence on confirmation was complete. So I don't think it's, I think that we have fulfilled our burden of showing that Binance would not extend this date. And I think that's important because it shows under the standards of the practical effect of injunction standard, which is simply that the order, quote, might have a serious, perhaps irreparable consequence. And two, can be effectually challenged only by immediate appeal. The government's- What are the court's words that you say have the effect of the injunction? The district court's words? Yeah. The district court has stayed consummation. No, don't characterize them. Tell me, quote, the court wrote, quote. The words that you say constitute an injunction. Well, Your Honor, I don't believe the practical effect test requires. That would actually be an injunction. Can you answer my question? Sure, I don't have the exact order in front of me, but it enters a stay that prevents the plan from being confirmed, from being consummated, in particular by the April 18th date, which is the entire ballgame here, the entire $100 million of irreversible loss. By that logic, any stay is an injunction then, right? Any stay of a bankruptcy court's decision is an injunction because it precludes the parties from proceeding with the plan. Your Honor, I don't think your cases would support that. I think the CFTC case, the SAHU case, the SEC case, all the cases that we cite in footnote one of our motion all recognize that there are circumstances where it's not simply that every stay would be an injunction. It's that there are certain circumstances where you have a district court or an order that is actually directing the parties not to proceed with something. And that is exactly what we have here. Well, but again, the district court is not dithering, right? Are you suggesting that the district court is dragging its feet? Well, Your Honor, with all respect to the district court, it entered its stay order on a Monday, telling us that its opinion would issue shortly. That opinion did not issue until shortly before midnight on Friday. The clock was ticking. And then that opinion contained numerous legal errors, but also got the date wrong of the closing of the Binance transaction by several weeks. And that was a material error. And by that point, the clock was ticking, and we had to go to this court to vacate that stay. That court, right, and ask for reconsideration or to expedite things in the district court. I'm not sure why you, I mean, I think you wanted to skip over the district court, but it's not clear to me that you did anything to try to get the district court to correct these issues on its own. Well, Your Honor, the case was already very expedited, and the district court's order was, I think, we think, replete with errors and legal errors. And at that point, we think that there was appellate jurisdiction in this court to vacate that erroneous stay. Particularly given that the clock was running, and is running, and that the government has never really disputed, is running on this irreversible $100 million that is going to endure to the detriments of Voyager and its million customers. All right. Okay, well, thank you, Mr. Hicks. We'll now hear from Mr. Evans. May it please the court. My name is Joseph Evans of McDermott, Will and Emery. We represent the official committee of unsecured creditors of Voyager Digital Holdings. So is it right that what the parties want is a clause that says the government can't prosecute them if they commit criminal conduct in the course of these transactions? No, Your Honor. That's not the law? No, that is not what we want, and that is not what- What is it that the clause does? What the clause does is it protects the professionals who are compelled to act by the bankruptcy court from executing the rebalancing transactions, which is trading certain kinds of cryptocurrencies into others in order to give in-kind distributions. And for executing the Binance deal, and that's it. It does not exculpate actual fraud, willful misconduct, or gross negligence. Contrary to the government's suggestion, it does not exculpate tax violations or other crimes. Judge Wiles made this very clear. He stated that the government theorizes, for example, that my order might somehow be interpreted as immunizing fraud, or theft, or tax avoidance. And why did the parties take out that clause then that would have made it clearer? Well, the exculpation clause that was ultimately issued was drafted by Judge Wiles, actually. He took the pen to the exculpation clause and issued that opinion. And in the confirmation order, it made clear that the actual fraud, willful misconduct, or gross negligence out applies to the entire exculpation clause. And I don't think any party has argued otherwise. The exculpation clause also makes it very clear that the government can stop the transaction should it decide if any of them are illegal. And the government argues that the exculpation clause, quote, handcuffs the government and will have widespread effect on its ability to regulate cryptocurrency. That's not true either. The government maintains the ability to come to a decision and determine that any of the 106 cryptocurrencies traded on Voyager are securities or otherwise illegal to transact. So they come to that conclusion, it can go prosecute those who issued the particular cryptocurrencies. So what are the parties fighting over then, in light of what you've just said? I mean, you can't come up with some language that both sides can live with? We've been trying, Your Honor, to come up with language that both sides can live with, although those discussions are underway, not concluded. And we just want to be clear on one point on what the exculpation clause does and what it doesn't do, because I think there was some confusion at the district court. The government argued that the exculpation clause acts as an injunction. It doesn't do that either. The exculpation clause states clearly that the exculpated parties, quote, shall have no liability for executing the transactions. It does not state that the government is enjoined from doing anything. If for some reason the government sought to personally punish an individual for executing the transaction out of the plan, that individual would raise exculpation as an affirmative defense. And the district court would have to determine whether the conduct was within scope or without scope. So there is no injunctive relief or enjoining of the government from executing its police powers, which it's entitled to do. But this can all be corrected by the district court, right? I'm sorry? This can all be corrected by the district court. The district court can basically come up with new language that satisfies both parties if the parties can't do it themselves. The district court asked this very question, Your Honor, to the government during oral argument. And the government said that they're aware of no support that the district court can take a pen to the bankruptcy court's language and excise certain provisions and not others. And so that was not the reply. That would not have been sought. What, that the district court would then send it back to the bankruptcy court to amend the language? Yes, that's right. Okay. We also believe that the district court gave short thrift to the harm that could befall the creditors. And just to be clear, the creditors are 1.1 million retail customers. 70% of the accounts are under $100,000. Our constituents are having a difficult time paying for mortgages, car notes, everyday things. They badly need their crypto back. And so any extension and any extension of the stay harms them every day. And the one question that Your Honor asked was, well, shouldn't this, wouldn't this mean that any stay, any stay would violate? And so you would have to overturn it. The answer is no. And the difference in this case is the finance deal. Finance deal will expire on April 18th. Finance is the opportunity to get rid of. A stay with a tight schedule is an injunction. That's the argument. A stay, a stay that puts at risk a deal that would ignore $100 million to the creditors, that's an injunction. Okay, but puts at risk, meaning what? That on April 18th, finance has the ability to walk.  April 11th, so that's a week. And so there are a lot of things that could happen in a week. And it's been really two weeks since this has been kicking around, right? Yes, Your Honor, but let me be very clear on the timeline because I think there was some confusion. April 18th is the date by which the finance deal must close or they have the ability to walk. April 13th is the date by which all conditions to closing must be satisfied, which includes that there are no orders or temporary restraining orders or preliminary permanent injunctions in effect restraining and joining, making illegal or otherwise prohibiting the transaction. That's 7.1A. And that's required to be completed three business days prior to the April 18th close date. Okay, so two days is what you're saying, right? Yes, Your Honor. And what's the word out of the district court at this point? The word out of the district court is we have a pending briefing schedule. The government's brief was just filed. Ours is due on the 14th, and then the reply is due on April 18th. And so the decision was made after what we're viewing as the drop-dead date because finance has refused to extend. I guess. But to Judge Chin's point, they haven't said they're going to walk away from the deal. They just haven't agreed to consent to additional time at this point. That's our understanding, yes. That was a discussion between the debtors and finance, yes. So it's hard to know how to interpret that. That might be just that they want to keep the pressure on or they want to assist you in arguing that this is really an injunction. There might be a lot of reasons why they're not consenting to an extension, but not without signaling that they're actually prepared to walk away from this deal. Well, they haven't agreed to the extension, and it's a $100 million issue that are going to go into the hands of retail creditors. And so when the question is, does it have the effect of a preliminary injunction, there's a deal that our constituents very much want that's not going to happen or could not happen if we don't get a decision by the time that we request it. There's one other issue that was raised by the government and about the fact that an Article I judge is opining on criminal issues, and they made the argument that the separation of powers does not allow an Article I judge to make those sorts of determinations. That's not so because the bankruptcy courts are required to interpret and enforce a bankruptcy code. One important provision is 11 U.S.C. 1129A3, which requires a bankruptcy court to find the plan has been proposed in good faith and not by any means forbidden by law. That provision does not say forbidden by regulation, forbidden by civil ordinance. It says forbidden by law. And that's why Judge Wiles took great pains to urge the government to come forward and say, hey, some of these transactions are illegal. Some of these transactions are, quote, forbidden by law. And they didn't do so. Your Honor, I see him over time. Yeah, let's hear from the government. This is Mr. Barnea. Am I pronouncing that right? Yes, Your Honor. Thank you. I think that's as high as it goes. Good morning, Your Honors. May it please the Court. My name is J.D. Barnea. I'm an assistant United States attorney, and I'm here on behalf of the United States of America and the U.S. Trustees Program. In this case, a bankruptcy court has suspended the operation of federal and state criminal and civil enforcement laws against entities and individuals who will be undertaking broadly defined, highly discretionary, and judicially unsupervised actions in a field rife with fraud and abuse. No court of any kind has that authority. The district court correctly stated implementation of this plainly illegal plan pending expedited review of the serious statutory and constitutional problems it entails. You're saying that you interpret the order as being to the effect that if somebody commits fraud in carrying out the plan as directed by the bankruptcy court, that person cannot be prosecuted successfully for fraud. Well, I ask that very question- The order gives a defense to a prosecution for fraud. First of all, before reaching that, do you agree with your adversary that there's nothing in the order that prevents the government from launching a prosecution? They say it's merely, at most, it's a defense against a fraud charge. Well, the bankruptcy court said that the party shall have no liability for any fines, penalties, or other liabilities. So to the extent that this is, quote unquote, a defense, it is essentially a complete defense. And it is an ex ante defense as applied to conduct that hasn't yet occurred. That is not an appropriate- Isn't there another clause that states that it doesn't serve as a defense? It says effectively that it does not serve as a defense against a fraud charge? There are two clauses in the exculpation provision. One of which says that with respect to the negotiation, execution, and implementation of any transactions contemplated by the plan, there would be a defense, an exception for actual fraud with willful misconduct or gross negligence. Then it says, in addition, the exculpated parties shall have no liability for fines, penalties, damages, or other liabilities for the rebalancing transactions and the distribution of cryptocurrencies. There is no similar exclusion for fraud or intentional conduct. When I asked the bankruptcy court whether it was intending to enjoin criminal prosecutions, it said that it was preposterous for the government to suggest that it could criminally prosecute people for merely following what it perceived as to be its order. So it may be that the bankruptcy court intended in one place to exclude fraud, but it was very clear that it intended to bar criminal prosecution specifically of, and I would imagine in this kind of context, types of criminal claims that could arise generally involve fraud or intentional conduct. And so it's pretty clear that the bankruptcy court intended to preclude that. Moreover, the harm claimed by the appellants- Why do you say it's pretty clear? I don't understand the pretty clear. It seems to me that the way you characterize it, the judge didn't answer your question. When you said, may they be prosecuted, the judge said it's preposterous to think that they would be prosecuted. No, it's preposterous to think that they would, that he should not- I'm sorry. The bankruptcy court said it was preposterous for the government to suggest that it could prosecute people for following the bankruptcy court's order, suggesting that the bankruptcy court fully intended to bar criminal prosecutions. Moreover, the harms identified by the appellants in this case is the terrifying harm that they identify in their brief is that they might be criminally prosecuted for engaging in these transactions. If, in fact, all that we're talking about here are non-fraud or non-criminal prosecutions, then the harm identified by the appellants that would justify this extraordinary application to this court all but vanishes, although the harm to the government remains essentially the same because the district court may not bar any causes of action, civil or criminal, by the government, whether they sound in ordinary negligence, gross negligence, harm, or willful misconduct. It's simply outside the power of the bankruptcy court to decide which federal laws should and should not apply as against the appellants in particular circumstances. However, again, to the extent that the appellants believe that they are receiving a substantial protection that might be taken away, they specifically identified the protection against criminal prosecution as the one that they are trying to protect against, and that is one that a plain reading of bankruptcy court's order might grant them, but is plainly illegal and unconstitutional. I guess it's not clear to me why this all has to be resolved before the plan is approved. I mean, there are often disputes as to provisions in a plan or in closing documents. The parties might have different views as to what they mean, but until there's actual litigation, that doesn't have to necessarily be resolved. And precisely, and the government proposed this to the parties, to the appellants, in the bankruptcy court and in the district court, the exculpation clause could simply be separately stayed from the plan itself. But why does it have to be stayed? I mean, what it means, whether it's as broad as you say it is or whether it's as narrow as they say it is, why is that something that has to be resolved before the plan is approved? Because of the doctrine of equitable mootness, Your Honor. Equitable mootness holds that if a bankruptcy plan is substantially consummated while an appeal is pending and it is not stayed, then any appeal of that plan is rendered equitable. But it's your appeal, right? Yes. So do you not care whether this closing happens? I mean, it doesn't really matter to you? The government has no objection to this closing to happen. That's all it is. It's just no objection to it happening. But it doesn't matter whether it happens or not. Is it no moan to you? To the extent that the customers are able to access their funds, that sounds like a good thing. And so we have no problem with that happening. Well, under any stretch, would it be a bad thing? I'm not aware of any specific bad thing that would happen from customers being able to access their funds. So if your appeal to the district court and the arguments you're making here is scuttle the deal, that's just libel? It is not our intention to do so. Well, it seems like it's getting right to the brink, though, doesn't it? Well, again, first of all, the reason why we're having this fight is because the appellants insisted on including this and the bankruptcy court ultimately agreed to include this language in the bankruptcy plan that has no place in the bankruptcy plan. The government is normally carved out from exculpation clauses in bankruptcy cases. And in that event, as it was earlier on in this particular bankruptcy plan, in that event, the government wouldn't have gotten involved at all in this case. So the harm is entirely of the appellant's own making in that they insisted on receiving this illegal protection that they're not entitled to and that the bankruptcy court was not entitled to offer them as a condition of proceeding. The harm to them, should this exculpation provision be excised from the plan, is simply that they have to follow the law like everyone else and that ordinary laws that apply to every single person in the United States would also apply to them in the execution of the plan. That is not any harm at all. However, if they- It might subject them to a lot of civil lawsuits, right? It may subject them to whatever civil lawsuits- But that's not a harm at all. It's not a harm at all? It's not a harm at all to be subject to the law as it is. They have defenses as against lawsuits to the extent that they're sued with respect to a civil lawsuit, with respect to something that was already decided by the bankruptcy court. They can say that it's res judicata. For example, the government is entitled to prosecute crimes and the bankruptcy court is not entitled to tell the government you can't do it. Precisely, Your Honor. And again, to the extent that they wish to fight over this on appeal, that is fine. We can stay just the exculpation provision. That provision can be put on hold pending a review of the merits. I just don't even understand what you're worried about. If we had jurisdiction, I wouldn't really understand what you're worried about. You're concerned that someone's going to cite this provision in a criminal trial and say- Or a civil case. And therefore, I can't be convicted of fraud. That's what you're worried about. A criminal case, a civil- Do you have any case where that's ever happened? Well, this is the first time as far as we- The bankruptcy court said we were allowed to commit crimes and now the government's prosecuting us for it. The bankruptcy court said that the participants in these transactions shall have no liability for fines, penalties, or damages or other liabilities with regard to the implementation of these transactions. The bankruptcy court has no authority to say that. And certainly, I hope that even with this language, another court would essentially ignore it and proceed to apply the law as it is, but this is an unacceptable risk for the government for courts to be issuing this type of order purporting to exculpate people in this fashion. And it is for that institutional interest, which implicates both the constitutional interests of the United States and the separations of power, that the government felt compelled to appeal in this case. I suppose your concern goes beyond this case as well. Absolutely, Your Honor, because- A precedent for including the same order as a part of the confirmation of a future bankruptcy. Yes, Your Honor, the bankruptcy bar is relatively tight-knit, and essentially the way this works is as soon as somebody gets something out of one bankruptcy court, everyone asks for it in every bankruptcy case. So if this court or the district court on appeal does not remedy this error, we can expect hundreds and thousands of these types of exculpation clauses in cases around the country and the havoc that that would entail, specifically with regard to government enforcement, and perhaps even more broadly would be unimaginable. So we're here to try to stop it in a relatively unique situation where the bankruptcy court explicitly directed its exculpation to the government. For the most part, these exculpation clauses, as I said, the government has either explicitly carved out or it is sort of understood from context that they don't apply to the government at all. But to the extent that anyone is trying to exculpate someone from criminal or civil enforcement liability of the government, that is simply unacceptable and cannot stand. I see my time is up, but I'm happy to answer any further questions. Okay, we'll reserve the decision, but thank you. We're mindful of the time restrictions. Thanks.